IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02194-CMA-KLM

CHAD SELLS,

    Plaintiff,

v.

UPPER PINE RIVER FIRE PROTECTION DISTRICT, and
BRUCE EVANS, in his official and individual capacities,

    Defendants.

---

**ORDER GRANTING MOTION FOR DETERMINATION OF PLACE OF TRIAL AND CONTINUANCE OF THE TRIAL**

---

    This matter is before the Court on Plaintiff's Amended Motion for Determination of Place of Trial and Continuance of Trial (Docs. # 67, 68). The Motion is granted for the following reasons.

    This is a wrongful termination case. Plaintiff, a former firefighter, claims that he was fired from his job at Upper Pine River Fire Protection District (UPRFPD) after he reported having been sexually harassed by a co-worker. (Doc. # 38, p. 2). He is now suing UPRFPD and its fire chief, Bruce Evans, alleging wrongful termination, Title VII violations, and First Amendment violations. (Doc. # 1).

    Plaintiff now seeks to (1) have the trial take place in Durango, rather than in Denver; and (2) continue the trial.

Under 28 U.S.C. § 1404(c), a district court has discretion to "order any civil action to be tried at any place within the division in which it is pending." This district encompasses the entire geographic region of Colorado, including the Durango area. *See* 28 U.S.C. § 85 ("Colorado constitutes one judicial district. Court shall be held at Boulder, Colorado Springs, Denver, Durango, Grand Junction, Montrose, Pueblo, and Sterling."). The Court may transfer a civil action to a different district or division "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango*, 464 F. Supp. 2d. 1095, 1908 (D. Colo. 2006). To determine whether transfer is appropriate, the Court considers a number of factors, including (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical. *Id*. The party seeking transfer has the burden of proving that the existing forum is inconvenient. *Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango*, 464 F. Supp. 2d. at 1908.

Having analyzed Plaintiff's Motion, Defendants' Response, and the above factors, the Court concludes that this trial should take place in Durango. Plaintiff has chosen Durango to be the forum for this trial (Docs. ## 38, 64, 67); all parties are residents of Durango, Colorado (Doc. # 64, Section 6); the vast majority of witnesses for both sides live in or near Durango, Colorado (Doc. # 64, Sec. 6); and the events at issue in this case took place in Durango, Colorado (Doc. # 63, Sec. 3). Thus, it seems

most appropriate, convenient, fair, and economical that this trial should take place in Durango, Colorado. The Court therefore orders, in accordance with § 1404(a), that trial shall take place in Durango.

Having determined that Durango is the appropriate venue for this trial, the Court must next determine whether it is appropriate to continue the trial date. The Court concludes that a continuance is warranted.

This trial will not take place in February, regardless of venue. Due to the ongoing COVID-19 pandemic, all trials in the District of Colorado have been postponed until March 1, 2021 at the earliest. (*See* District Court General Order 2021-2 (Jan. 14, 2021), *available at* http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2021-2_Court_Operations.pdf). Further, given that COVID-19 cases and deaths are surging across the country, it is possible that jury trials in this district – including trials in Denver – could be postponed beyond that date. (*See* Centers for Disease Control and Prevention, *CDC COVID Data Tracker*, *available at* https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last visited January 14, 2021)). Therefore, in the interest of minimizing uncertainty regarding the current trial date, and in the interest of ensuring that the parties have adequate notice of and time to prepare for the Court's jury trial protocols, the Court grants Plaintiff's request for a trial continuance.

It is therefore ORDERED that Plaintiff's request for a change of venue and for a continuance (Docs. ## 67 and 68) is GRANTED; it is

FURTHER ORDERED that the jury trial scheduled to begin on February 8, 2021 and the Final Trial Preparation Conference scheduled to take place on February 2, 2021, are VACATED and will be RESET; it is

FURTHER ORDERED that counsel shall request new dates for the trial and the final trial preparation conference by emailing Arguello_Chambers@cod.uscourts.gov on or before January 22, 2021; it is

FURTHER ORDERED that the trial in this matter shall take place at the U.S. District Court, La Plata County Courthouse, 1060 E. 2nd Ave., Durango, CO 81301.

DATED: January 19, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge